IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALYN BANKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LUIS ALVAREZ and OSCAR MLEDEZ[1] | : | NO.  08-2030 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                                            June 30, 2008

In this diversity action, Plaintiff has moved for alternative service of process on one of the defendants (Doc. 7).  The motion will be denied.

I.     FACTS

Plaintiff filed a Complaint on April 30, 2008, seeking damages as the result of injuries she sustained in a car accident on January 4, 2007.  The Complaint alleges that Luis Alvarez and Oscar Melendez were the owners and operators of a vehicle that caused the accident.  Initial discovery has revealed that Mr. Alvarez was the owner of the vehicle, and that the vehicle was operated at the time by Mr. Melendez, an unlicensed driver.  Mr. Alvarez, through his insurance carrier, has answered the complaint.

The police report indicates that the driver's address is 118 Race Street, Apartment No. 9, Kennett Square, Pennsylvania.  See Police Report, attached as Ex. A to Plaintiff's Motion.  Mr. Melendez provided the same address to Mr. Alvarez's insurance carrier

---

[1] In the Complaint and Summons, Mr. Melendez is identified as "Oscar Mledez."  Counsel for Plaintiff and Defendant Alvarez agreed during a telephone conference that this Defendant is properly identified as Oscar Melendez.

during an undated recorded telephone call following the accident.  See Transcript, attached as Ex. B to Plaintiff's Motion.  On May 7, 2008, Plaintiff attempted to serve Mr. Melendez at that address.  However, the process server returned the Summons and Complaint unexecuted, noting that "Oscar Mledez does not live at this address.  The Lagunas family moved here in June, no other information available."  See Return of Service, attached as Ex. D to Plaintiff's Motion.  Plaintiff has not identified any other attempts to locate Mr. Melendez or to effect process.

Plaintiff has now filed a motion for alternate service of process pursuant to Pennsylvania Rule of Civil Procedure 430.  Plaintiff requests that the Court permit service on Mr. Melendez by posting the Summons and Complaint on the premises of the same address, 118 Race Street Apartment No. 9, Kennett Square, Pennsylvania.

**II.   DISCUSSION**

Rule 4(e) of the Federal Rules of Civil Procedure provides that service "may be effected . . . pursuant to the law of the state in which the district court is located . . . ." Pennsylvania Rule of Civil Procedure 430(a) provides for alternative service when personal service cannot be made.

> [T]he plaintiff may move the Court for a special order directing the method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a).  As an "illustration," the note following the rule gives examples of what constitutes a "good faith" effort to locate the defendant, including inquiries of postal

authorities, inquiries of relatives, neighbors, friends, and employers, and examination of local telephone directories, voter registration records, local tax records, and motor vehicle records.  See id. (note).

It has long been recognized that service of process implicates the due process rights of the defendant.

> Service of process is not a mere technicality.  Rather, constitutional due process requires that service of process be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Calabro v. Leiner, 474 F.Supp.2d 470, 471 (E.D. Pa. 2006) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).  In Calabro, the Honorable Eduardo Robreno explained that there are three requirements for allowing an alternative method of service under Rule 430: (1) Plaintiff must show a good faith effort to locate the Defendant; (2) Plaintiff must undertake practical efforts to serve Defendant under the circumstances; and (3) Plaintiff must show that the proposed alternate method of service is reasonably calculated to provide the Defendant with notice of the proceedings against him.  474 F.Supp.2d at 472-74 (citing, inter alia, Grove v. Guilfoyle, 222 F.R.D. 255, 257 (E.D. Pa. 2004); Long v. Polidori, No. 03-1439, 2003 WL 21278868, at *1 (E.D. Pa. May 29, 2003); Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa. 1997); Penn v. Raynor, No. Civ.A. 89-553, 1989 WL 126282, at *4 n.3 (E.D. Pa. Oct. 18, 1989); Kittanning Coal Co. v. International Mining Co., 551 F.Supp. 834, 838 (W.D. Pa. 1989)).

Here, I cannot conclude that the Plaintiff has complied with the requirements necessary to allow alternative service. In Plaintiff's motion, the only effort mentioned to locate Mr. Melendez is the process server's attempt to personally serve him at the address he gave police at the time of the accident. This is not sufficient. Although it is not necessary that a plaintiff pursue every method listed in the note to Rule 430(a), see Long 2003 WL 21278868, at *1, Plaintiff has expended no effort to locate Mr. Melendez in this case.[2]

Second, for similar reasons, Plaintiff has not done enough to demonstrate its "practical efforts" to serve Mr. Melendez. Except in unusual circumstances, it would seem unusual that one sole service attempt would satisfy this requirement.

Finally, Plaintiff's proposed method of service is flawed. As stated, the proposed alternative means of service "must be reasonably calculated to provide the defendant with notice of the proceedings against him." Calabro, 464 F.Supp.2d at 472-73. Here, the Plaintiff asks permission to post the Summons and Complaint on the same residence where the single attempt at personal service failed. Mr. Melendez had given the police that address at the time of the accident on January 4, 2007. However, when attempting service at that address on May 7, 2008, the process server was told that Defendant did not

---

[2]Since Plaintiff has not located Mr. Melendez, she obviously has not made practical efforts to serve him.

live there, and noted that the family that had lived there previously had moved.[3]  Given this information, posting the notice at the residence has little to no likelihood of providing notice of this lawsuit to Mr. Melendez.  Since Plaintiff has no information that Mr. Melendez continues to live at the residence, I find that such posting is not reasonably calculated to provide notice of this lawsuit to Mr. Melendez.  See Long, 2003 WL 21278868, at *1 (finding that publication in a Bucks County newspaper not reasonably calculated to provide notice to an individual who had moved to Louisiana).

### III.  CONCLUSION

Accordingly, I find that the Plaintiff has failed to establish the requirements for alternative service under Rule 430(a) of the Pennsylvania Rules of Civil Procedure.  An appropriate Order follows.  Of course, this ruling is without prejudice to Plaintiff's renewal of the motion following compliance with Rule 430.

---

[3] The process server attempted to serve "Oscar Mldez," while the Plaintiff and Defendant Alvarez now agree, presumably based upon their review of relevant documents, that the correct name is Oscar Melendez.  Plaintiff should amend the complaint to reflect the Defendant's correct name and should attempt service on the correctly named Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROSALYN BANKS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LUIS ALVAREZ and OSCAR MELENDEZ | : | NO. 08-2030 |

## **O R D E R**

AND NOW, this 30th day of June, 2008, upon consideration of Plaintiff's Motion for Alternative Service of Process (Doc. 7) and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that the Motion is DENIED.

BY THE COURT:

/s/Elizabeth T. Hey

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE